Filed 8/5/21  P. v. Miller CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>TONIKA LYNETTE MILLER,<br><br>　　　Defendant and Appellant. | A159570<br><br><br>(San Mateo County<br>Super. Ct. No. 18SF014403B) |

## INTRODUCTION

Defendant Tonika Lynette Miller was charged with 14 felonies and two special allegations, stemming from her participation in a real estate scheme that preyed on an elderly victim.  Defendant pleaded no contest to procuring and offering a forged instrument (Pen. Code, § 115, subd. (a); count 1),[1] grand theft of real property (§ 487, subd. (a); count 3), and grand theft of personal property (§ 487, subd. (a); count 13).  Defendant admitted the special allegations that the offenses involved excessive loss and constituted aggravated white collar crime.  Pursuant to the plea agreement, defendant expressly stipulated to waive application of section 654 with respect to counts 1, 3, and 13.  In exchange for the plea, the remaining charges were dismissed and the agreed-upon " 'top' " state prison term was three years four months.

---

[1] All further undesignated statutory references are to the Penal Code.

1

The trial court denied defendant's request for probation and imposed the maximum three years four months term allowed under the plea.

Defendant filed a notice of appeal challenging her sentence. She did not request a certificate of probable cause.

Defendant's court-appointed appellate counsel raises no issues and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). In accordance with *Wende*, defendant was informed of her right to file a supplemental brief, which she has not done. Our independent review having revealed no arguable issues that require further briefing, the judgment is affirmed.

## BACKGROUND[2]

In July 2018, defendant contacted the victim, Sara J.,[3] who was over the age of 65, a few weeks before Sara J.'s home was to be sold at a tax auction. On or about July 23, 2018, defendant took the elderly victim to a local restaurant and bought her two margaritas. Defendant then offered Sara J. $500,000 for a reverse mortgage. Defendant told Sara J. that the reverse mortgage would allow her to live at the property until she died. Sara J. agreed and signed a grant deed in favor of Rex Regum, LLC, an entity owned by codefendant Justin Hall.[4] Defendant gave Sara J. $1,000 in cash at that time and another $1,000 at some point later. Hall recorded the deed on July 23, 2018. The deed falsely claimed that Sara J. received $800,000 for

---

[2] We take our facts from the probation report and the second amended complaint.

[3] We refer to the victim's first name and last initial for privacy purposes. (Cal. Rules of Court, rule 8.90.)

[4] Hall is not a party to this appeal.

the sale of her home. Sara J. did not receive this money and had no intention of selling her home.

On August 27, 2018, a new grant deed was recorded that reflected a purported sale of Sara J.'s property to Lion Share Investments, LLC, for $997,000. At the close of escrow, codefendant Hall received $985,620.16. The next day, Hall paid defendant $227,000 and later paid her another $11,000.

By second amended complaint, defendant was charged with: procuring and offering a false or forged document (§ 115, subd. (a); count 1); felony elder theft (§ 368, subd. (d); count 2); grand theft of real property (§ 487, subd. (a); count 3); second degree commercial burglary (§ 460, subd. (b); count 5); nine counts of money laundering (§ 186.10, subd. (a); counts 7, 14–21); and grand theft of personal property (§ 487, subd. (a); count 13). It was further alleged that counts 1, 2, 3, and 13 involved excessive loss of over $100,000 (§ 1203.045, subd. (a)) and constituted aggravated white collar crime (§ 186.11, subd. (a)(2)).

At a hearing on November 15, 2019, following advisements and waivers, defendant entered a plea of no contest to procuring and offering a false or forged instrument (§ 115, subd. (a); count 1), grand theft of real property (§ 487, subd. (a); count 3), and grand theft of personal property (§ 487, subd. (a); count 13). Defendant also admitted the excessive loss (§ 1203.045, subd. (a)) and aggravated white collar crime (§ 186.11, subd. (a)(2)) enhancements. Defendant further stipulated that section 654 would not apply to sentencing on counts 1, 3, and 13. The court advised defendant that her maximum sentence could be up to three years four months in state prison.

On January 15, 2020, the trial court denied probation and sentenced defendant to the agreed-upon maximum of three years four months in state

3

prison, calculated as follows: on count 1, the principal count, the low term of 16 months plus two years for the aggravated white collar crime enhancement, to run consecutively; on count 3 the low term of 16 months, to run concurrently with count 1; and on count 13 the low term of 16 months, to run concurrently with count 1. The court awarded defendant 325 days of credit for time served.

## DISCUSSION

A trial court is allowed broad discretion in its sentencing decisions, and "its sentencing decision will be subject to review for abuse of discretion [citations]." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) We find no abuse of discretion here. By admitting the excessive loss enhancement (§ 1203.045, subd. (a)), defendant was presumptively ineligible for probation. Defendant failed to overcome this presumption, and even if she had, the trial court did not abuse its discretion in denying probation. (See § 1203.045, subd. (c) [court may decide interest of justice supports probation].) The record reflects that defendant took advantage of a position of trust and confidence to prey upon an elderly and vulnerable victim who sustained substantial monetary losses.[5] (See Cal. Rules of Court, rule 4.414(a)(1), (3), (5) & (9).)

Further, any possible claim that the section 654 waiver set forth in the plea agreement contemplated an unauthorized sentence is foreclosed from appellate review. "[D]efendants are estopped from complaining of sentences to which they agreed." (*People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*).) "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is . . . subject to an exception: Where the

---

[5] The victim received $2,000 for the sale of her property, which had an estimated value between $1.5 and $1.8 million.

4

defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*Ibid.*, italics omitted.)

Here, defendant, who was charged with 14 felony counts, entered into an agreement with the prosecution that waived her right to a jury trial in exchange for a three years four months sentence. In that agreement, defendant expressly stipulated to waive application of section 654 with respect to counts 1, 3, and 13. Furthermore, the trial court expressly clarified with defendant that she understood she was waiving any section 654 issues, and defendant expressly stated on the record that she understood and agreed to the waiver.

By agreeing to the plea, defendant avoided a potentially harsher sentence. She received the benefit of her bargain. Thus, any section 654 claim is forfeited. (*Hester, supra*, 22 Cal.4th at p. 296.)

Having conducted an independent review of the entire record, we discern no arguable issues requiring further briefing.[6]

We do note, however, errors in the sentencing minute order and the abstract of judgment that require correction. At the sentencing hearing, the trial court ordered defendant to pay a court facilities assessment (Gov. Code, § 70373) in the amount of $30 per count and a court operations assessment

---

[6] We received a letter from appellate counsel indicating our recent decision in *People v. Richardson* (2021) 65 Cal.App.5th 360 may be relevant to potential issues in this case. It is not. Unlike here, *Richardson* involved a factually impossible plea agreement.

(Pen. Code, § 1465.8) in the amount of $40 per count.  The sentencing minute order reflects only one $30 assessment (Gov. Code, § 70373) and one $40 assessment (Pen. Code, § 1465.8) rather than the three ordered.  The abstract of judgment similarly fails to reflect the per count assessments.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; accord, *People v. Mesa* (1975) 14 Cal.3d 466, 471.)  Here, the oral pronouncement controls over the inconsistent and incorrect sentence set forth in the abstract of judgment and sentencing minute order.  Accordingly, the abstract of judgment and sentencing minute order must be corrected to accurately reflect the trial court's oral pronouncement.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment and to correct the sentencing minute order dated January 15, 2020, in accordance with this opinion.  The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

6

_____

Jackson, J.


WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.